IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| BLUE COAL CORPORATION, | : | BANKRUPTCY NO. 5-76-bk-01311 |
| GLEN NAN, INC., | : | (Lead Case) |
| | : | 5-78-bk-00604 |
| DEBTORS | : | |
| | : | |
| EARTH CONSERVANCY, | : | {**Nature of Proceeding**: Complaint for |
| | : | Declaratory Judgment Concerning |
| PLAINTIFF | : | Ownership of Assets} |
| | : | |
| vs. | : | |
| | : | |
| BLUE COAL CORPORATION and | : | |
| GLEN NAN, INC., | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00149** |

# **OPINION**

The above-captioned Complaint for Declaratory Judgment was initiated by the Plaintiff, Earth Conservancy, in the District Court and served on the Defendant, Blue Coal Corporation, by publication. Upon Motion for Default Judgment seeking declaratory relief, the District Court evaluated its jurisdiction, concluded that it arose from a bankruptcy case, and referred the litigation to this Court pursuant to the District Court's Standing Order of reference.

The Plaintiff, Earth Conservancy, was the purchaser of virtually all the assets of the Bankrupt, Blue Coal Corporation, having effected the sale in 1994. The bankruptcy case itself remained open until 2000 when it was finally closed, having been open for 24

years. At a status conference held May 10, 2010, prior to the lawsuit, this Court questioned its own jurisdiction to act in the case without reopening the bankruptcy. To date, no party in interest has moved to reopen the case.

Section 2(a)(8) of the Bankruptcy Act of 1898, which is applicable to this case, empowers the Bankruptcy Court to reopen a bankruptcy case. The Advisory Committee note to Rule 515, promulgated under the 1898 Act, suggests multiple instances when a judge could act without reopening the case.[1] As mentioned in Collier's 14th Edition, these examples are "basically housekeeping ones not related to . . . affirmative relief." 12 Collier on Bankruptcy, ¶ 515.10 at 5-119 (James Wm. Moore & Lawrence P. King, 14th ed. rev. 1975).

While Rule 515 may provide helpful analysis, the current Rules would be more apropos as a reference.[2] A review of current Federal Rule of Bankruptcy Procedure 5010 offers little additional guidance. Suffice it to say that the few instances when a bankruptcy court should act on a closed case are limited to unsubstantial matters not

---

[1] Rule 403(e), entry of order approving exemptions; Rule 608, authorizing abandonment; Rule 924, incorporating Federal Rule of Civil Procedure 69(a) correcting clerical mistakes; and Rule 409, executing on a nondischargeable judgment.

[2] "Although the Bankruptcy Act is the specific legislation controlling the disposition of this case, the Bankruptcy Rule referred to in this quote from Collier's has been superseded by the Order of the Supreme Court of the United States, dated April 25, 1983, which indicates that the current Bankruptcy Rules, '... shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court, their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies.'" Order of the Supreme Court adopting the Rules of Bankruptcy Procedure, April 25, 1983. *In re Blue Coal Corp.*, 1994 WL 325431, 4 (Bkrtcy.M.D.Pa.,1994).

affecting case administration.  This issue is critical inasmuch as "[b]ankruptcy courts can only act in proceedings within their jurisdiction." *Donaldson v. Bernstein*, 104 F.3d 547, 552 (3d Cir.1997).  Its jurisdiction "does not extend indefinitely, particularly after confirmation of a plan and the *closing of a case*." *Id.* at 553 (emphasis added). "Similarly, if a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order." *In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (C.A.3 (N.J.), 2004).

Here, the Earth Conservancy has filed a lawsuit against Blue Coal seeking a determination of the extent of the Plaintiff's purchase of the Bankrupt's assets.  The issue is of significant economic concern because of the implications of the "*Dunham rule*" in Pennsylvania law[3] which suggests that the conveyance of property including mineral rights may not necessarily include the oil and gas resources found on site.  An adjudication becomes of import due to recent interest into what may be valuable gas reserves.  This litigation is not mere "housekeeping" and mandates that the case be reopened for relief to be accorded.  Having said that, it is apparent that neither Earth Conservancy nor any other party in interest is inclined to awaken this sleeping giant by reopening this bankruptcy that took so long and at such great expense to finally lay to

---

[3] *Highland v. Com.* 400 Pa. 261, 276, 161 A.2d 390, 398 (Pa.1960), citing *Dunham and Shortt v. Kirkpatrick*, 101 Pa. 36 (decided in 1882).

rest.[4] Neither am I so inclined to *sua sponte* reopen, especially in light of what appears to be alternative remedies in State Court. Nevertheless, in an effort to move this issue along, I would be willing to entertain a motion to reopen and, if granted, would appoint a trustee to conclude this matter.

    For these reasons, the Complaint is dismissed, unless, within 21 days, a motion to reopen the bankruptcy case is filed.

    An Order will follow.

By the Court,

Date: July 12, 2010

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

---

[4] At a status conference held before this Court on March 4, 2009, all parties in interest were apprised of the interest in the gas reserves theretofore directed to this Court.